

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
FILED

OCT 1 6 2001

Michael N. Milby
Clerk of Court

OSCAR LUIS ALVAREZ-GONZALEZ,       )
   Plaintiff/Petitioner,           )
                                   )
                                   )   No. B-01-135 (civil)
v.                                 )
                                   )   No. B-98-042-01 (criminal)
                                   )
UNITED STATES OF AMERICA,          )
   Defendant/Respondent.           )
                                   )

OBJECTIONS TO THE MAGISTRATE JUDGE's
FINDINGS AND RECOMMENDATIONS

    COMES the Petitioner, **in propria persona**, and files this
his objections to the findings and recommendations of the
magistrate judge in the above-styled action, and states as
follows :

    The Petitioner contends he is in custody in violation of the
United States' Constitution; he further contends that due to the
ineffectiveness of his defense Counsel and said Counsel's failure
to file a timely notice of appeal, or to explain to the Movant
his appellate rights or other post-conviction remedies, in addi-
tion to other contentions of ineffectiveness, Movant was unable,
and unaware of the availability of relief pursuant to 28 U.S.C.
2255.

    Further, the Movant, a Mexican national, does not read,
write, or understand English. He knows nothing about the United
States' legal system, and only became aware of the availability
of possible relief two weeks prior to the filing of the instant
motion. 28 U.S.C. § 2255(A)(4) states that the time limit for

2.

motion pursuant to 28 U.S.C. 2255 shall run from the latest of 1 year, "from the date the facts supporting the claim or claims

presented could have been discovered through the exercise

of due diligence." 28 U.S.C. §2255(A)(4)

The Movant here states that due to the ineffective assistance of defense Counsel he did not know of the available remedy until two weeks prior to the filing of this motion. Also, the Movant states that he is convicted through a plea of guilty that is unknowing and involuntary, also pursuant to his Counsel's ineffectiveness, and as such, the time period under the statute and the Anti-terrorism and Effective Death Penalty Act of 1996 should be equitably tolled.

Movant here also contends that the motion, files and the record do not [conclusively] show that the movant is entitled to no relief. On the contrary, the allegations in the motion, if taken as true would conclusively show the Movant is entitled to have the motion granted.

His contention of ineffective assistance of Counsel cannot be proven or disproven by mere examination of the record. The fair and impartial trier of fact would be required to go beyond the record to test the effectiveness of Counsel.

Further the Movant is contending that the conviction was obtained through an unknowing and involuntary plea of guilty. Once again, this is a matter which cannot be disposed of by mere examination of the pleadings, files and record in this case. More is certainly required.

(2)

3.

Movant, Alvarez-Gonzalez, is a Mexican National. He does
not read, write or understand the English language.  After his
arrest, he was indicted for a violation of 8 U.S.C. § 1326, re-
entry of an illegal alien, and was appointed Counsel.  The Peti-
tioner relied upon his appointed Counsel to navigate his case
through the treacherous waters of Federal Criminal Procedure.
In his petition pursuant to 28 U.S.C. 2255, he alleged that his
Counsel woefully failed in his duty to provide effective assis-
tance of Counsel as guaranteed him by the Sixth Amendment to
the U.S. Constitution.  To prevail on this claim, he must show
that Counsel's performance prejudiced the defense. LOCKHART v.
FREEWELL, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993);
KIMMELMAN v. MORRISON, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d
305(1986); DARDEN v. WAINWRIGHT, 477 U.S. 168, 106 S.Ct. 2464,
91 L.Ed.2d 144 (1986); STRICKLAND v. WASHINGTON, 466 U.S. 668,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  That is the standard for
the Petitioner to prevail.  For the purpose of this motion, he
need make only a substantial showing of denial of a Constitu-
tionally protected right, and, for the district court to inquire
under 28 U.S.C. § 2255, the court must, after examination of
the files and record show that the Petitioner has failed to
show a prima facie case of the denial of a protected right.

Absent unusual circumstances, a showing of ineffective
assistance of Counsel satisfies both the cause and prejudice
requirements for raising Constitutional issue for the first
time on collateral review. U.S. v. APFEL, 97 F.3d 1074(8th Cir.

4.

1996). Claims of ineffective assistance of Counsel can be raised for the first time on motion to vacate sentence. U.S. v. SPAN, 75 F.3d 1383 (9th Cir. 1996). Ineffective assistance of Counsel claim which is supported by new grounds is not procedurally barred in adverse federal habeas corpus petition given that the procedural bar rule does not apply to ineffective assistance of Counsel claim. U.S. v. GALLOWAY, 56 F.3d 1239 (10th Cir. 1995).

Ineffective assistance claims are appropriately brought by motion to vacate, even if overlooked on direct appeal, because resolution of the claims often requires consideration of the matters outside the record on direct appeal. BILLY-EKO v. U.S., 8 F.3d 111 (2d Cir. 1993).

In the instant case, Movant contends that defense Counsel failed in his duty to investigate and interview witnesses, both inculpatory and exculpatory, failed to determine Petitioner's culpability as to all the elements of the offense charged, failed to effectively represent him at the Pre-Sentence Interview, failed to object to erroneous and clearly prejudicial statements and calculations in the Pre-Sentence Report, failed to file a timely notice of appeal, or consult with Petitioner as to the grounds or bases necessary for appeal.

Under the Anti-terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132,110 STAT 1214 (April 24, 1996) section 2255 motions are now subject to a statute of limitations which "runs from the latest of ——

1) The date the judgment becomes final.

5.

2)   The date on which the impediment to making a motion
created by governmental action in violation of the Constitu-
tion or laws of the United States is removed, if movant was
prevented from making a motion by such governmental action.
3)   The date on which the right asserted was initially re-
cognized by the Supreme Court, if that right has been newly
recognized by the Supreme Court and made retroactively applica-
ble to cases on collateral review or;
4)   The date on which the facts supporting the claim or
claims presented could have been discovered through the exer-
cise of due diligence.      28 U.S.C.A. 2255.

As is previously asserted, Petitioner is a Mexican na-

tional; he does not read, write, speak or understand English;

he understands nothing of the American Legal System, its nuan-

ces, parlances or subtleties.   He relied upon the advice of

Counsel, herein claimed ineffective to assist him.   This Coun-

sel was ineffective, and faulty.   He subsequently felt com-

pelled to plead guilty to the offense.

In the instant case, the Movant's allegations that he

was denied effective assistance of Counsel pre- and post-con-

viction are cause to toll the statute of limitations under the

A.E.D.P.A., and 28 U.S.C. 2255.

The Movant is a Mexican national, he cannot read, write or

understand the English language, nor does he understand whatso-

ever the nuances and complexities of the criminal law system in

the United States.   This is why, in America, each defendant has

the right to Counsel.   The Sixth Amendment right to Counsel re-

quires not only that a person accused of a crime have the assis-

tance of Counsel, but also that such assistance be "effective".

U.S. v. CRONIC, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (

1984); CUYLER v. SULLIVAN, 466 U.S. 335, 100 S.Ct. 1708, 64 L.

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 6 of 25

Ed.2d 333(1980); McMANN v. RICHARDSON, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763(1970); POWELL v. ALABAMA, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). This is so whether Counsel is appointed or retained. McCOY v. COURT OF APPEALS OF WISCONSIN, DIST. 1, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); EVITTS v. LUCEY, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821( 1985); CUYLER, Supra. The mere formality of appointment of Counsel is in itself insufficient to protect a defendant's rights. AVERY v. STATE OF ALABAMA, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.

The phrase, "effective assistance of Counsel" has been characterized as an elusive term, difficult if not impossible to define precisely or all-inclusively, which must be equated to the facts of the case. No particular set of detailed rules for Counsel's conduct can satisfactorily take into account the variety of circumstances faced by defense Counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the Constitutionally protected independence of Counsel, and restrict the wide latitude that Counsel must have in making decisions and could distance Counsel from the overriding mission of vigorous advocacy of the defendant's cause. STRICKLAND v. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). In offering definitions, the Courts have tended to speak in terms of what effective assistance is not, rather than in terms of what it is. Thus it has been said that effective assistance of Counsel is not flawless, perfect, or error-free assistance, nor assistance

7.

which in hindsight is deemed ineffectiveness. U.S. v. FRUGE, 495 F.2d 557 (5th Cir. 1974).

It is presumed the effective assistance of Counsel in a particular case was effective for Sixth Amendment purposes. KIMMEL-MAN v. MORRISON, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305( 1986); CRONIC, Supra; STRICKLAND, Supra. The defendant has the burden of rebutting this presumption, KIMMELMAN, Supra, and this burden has been characterized as a heavy one. U.S. v. BENTLEY, 706 F.2d 1498.

Notwithstanding the general rule that Counsel's performance is presumed to be effective, the U.S. Supreme Court has said that under some circumstances a presumption of **ineffectiveness** can arise, and under such circumstances it is not necessary to inquire as to Counsel's actual performance. CRONIC, Supra. Under the CRONIC opinion, Counsel is presumed to be competent, but prejudice will be presumed in the following circumstances: [W]here accused is completely denied Counsel at critical stage of proceeding; where Counsel fails to **subject prosecution's case to meaningful adversarial testing**; where surrounding circumstances may justify presumption of ineffectiveness without inquiring into Counsel's actual performance at trial; and where there is an actual conflict of interest.

To prevail on a claim that his or her Counsel was ineffective for Sixth Amendment purposes, a defendant must show that Counsel's performance was deficient, and that his or her deficient performance prejudiced the defense. LOCKHART v. FRETWELL, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); KIMMELMAN,

CUtePDF - www.fsview.com

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 8 of 25

Supra; DARDEN v. WAINWRIGHT, 477 U.S. 168, 106 S.Ct. 2464, 91 L.
Ed.2d 144(1986); STRICKLAND, Supra.

A court need not determine whether Counsel's performance
was deficient before examining the prejudice suffered by the de-
fendant as a result of Counsel's allegedly deficient performance.
STRICKLAND, Supra.  The defendant must identify acts or omis-
sions of Counsel which are alleged not to be the result of rea-
sonable professionable judgment. STRICKLAND, Supra.  However,
even a single isolated error on the part of Counsel can render
his assistance ineffective if the error is sufficiently egregi-
ous and prejudicial to the defense. MURRAY v. CARRIER, 477 U.S.
478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

The U.S. Supreme Court has at times spoken of the "prejudice"
component of an ineffective assistance claim as requiring a
showing that, but for Counsel's deficient performance, there is
a reasonable probability that the outcome of the trial would
have been different. LOCKHART, Supra. STRICKLAND, Supra, in which
the Court stated that an analysis of whether the outcome of the
trial would have been different had Counsel acted differently
cannot be based on the possibility that the decision-maker at
trial would have acted lawlessly.  Ineffective assistance has
been found where a failure was not due to trial strategy con-
siderations, but rather to Counsel's ignorance of the fact of
an illegal search and the prosecution's intent to introduce at
trial evidence obtained therefrom, which ignorance came from
Counsel's failure to conduct any pre-trial discovery. KIMMELMAN,
Supra.

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 9 of 25

Due to Counsel's function as assistant to the defendant a duty derives to consult with the defendant on important decisions, and to keep the defendant informed of important developments in the course of prosecution. CRONIC, Supra.

In the instant case, the defendant, a Mexican national, does not read, write, or understand English. He understands nothing of the American Criminal Justice system.

Also at issue here is whether the defendant even made a voluntary and intelligent plea of guilty. A plea of guilty is more than an admission of conduct, it is a conviction. BOYKIN v. ALABAMA, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

Several federal Constitutional rights are involved when a plea of guilty is entered . . . **First** is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment . . . **Second** is the right to trial by jury. **Third** is the right to confront one's accusers. BOYKIN, Id.

A guilty plea is more than a confession which admits that the accused did various acts; it is an admission that he committed the charge against him. U.S. v. BROCE, 109 S.Ct. 757, 488 U.S. 563, 102 L.Ed.2d 927.

In order to satisfy its obligation to advise the defendant of the nature of charges against him, court before which defendant enters his plea must be satisfied, after discussion with defendant in open court, that defendant understands elements of offense. U.S. v. SYAL, 963 F.2d 900 (6th Cir. 1992).

The "core concerns" of federal rules governing acceptance

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 10 of 25

Due to Counsel's function as assistant to the defendant a duty derives to consult with the defendant on important decisions, and to keep the defendant informed of important developments in the course of prosecution. <u>CRONIC</u>, Supra.

In the instant case, the defendant, a Mexican national, does not read, write, or understand English. He understands nothing of the American Criminal Justice system.

Also at issue here is whether the defendant even made a voluntary and intelligent plea of guilty. A plea of guilty is more than an admission of conduct, it is a conviction. <u>BOYKIN v. ALABAMA</u>, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

Several federal Constitutional rights are involved when a plea of guilty is entered . . . **First** is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment . . . **Second** is the right to trial by jury. **Third** is the right to confront one's accusers. <u>BOYKIN</u>, <u>Id</u>.

A guilty plea is more than a confession which admits that the accused did various acts; it is an admission that he committed the charge against him. <u>U.S. v. BROCE</u>, 109 S.Ct. 757, 488 U.S. 563, 102 L.Ed.2d 927.

In order to satisfy its obligation to advise the defendant of the nature of charges against him, court before which defendant enters his plea must be satisfied, after discussion with defendant in open court, that defendant understands elements of offense. <u>U.S. v. SYAL</u>, 963 F.2d 900 (6th Cir. 1992).

The "core concerns" of federal rules governing acceptance

10.

of guilty and nolo contendre pleas are: whether guilty plea was
coerced, whether defendant **understands** the nature of the charges,
and whether defendant **understands** the consequences of his plea.
U.S. v. WATCH, 7 F.3d 422 ( CA5, TEX).

Whether a plea is voluntary and intelligent is touchstone
for determining whether substantial rights have been violated in
acceptance of a guilty plea. U.S. v. CARO, 997 F.2d 657 (CA9,
CAL, 1993).

A guilty plea cannot be truly voluntary unless defendant
possesses understanding of the law in relation to the facts.
U.S. v. FIELD, 39 F.3d 15, cert. den., 115 S.Ct. 1806, 514 U.S.
1088, 131 L.Ed.2d 732.

The voluntariness of a plea of guilty can be determined on-
ly by considering all the relevant circumstances around it.
BRADY v. U.S., 90 S.Ct. 1463, 397 U.S. 742, 25 L.Ed. 747.

As stated previously, the Petitioner is functionally illi-
terate, per both the English language, and the legal system. The
court has a duty under Rule 11 of the Federal Rules of Criminal
Procedure to ensure that he understands the charge to which the
plea is offered. RULE 11(c)(1) Fed. R.Cr.Proc..

In the case at bar, the Petitioner does not read, write or
understand English; his literacy in Spanish is rudimentary, his
speech colloquial at best. The court, through an abundance of
caution, should ascertain through colloquy that the defendant
understands **what** is happening to hime, and **why**. It is incumbent
upon the court to learn if he understands the **concepts** as well
as the mere words as translated through an interpreter. The

11.

Supreme Court has emphasized the value in a district court's ad-
hering "meticulously" to Rule 11. See McCARTHY v. U.S., 394 U.S.
459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).  In the instant case,
Petitioner contends that neither the court nor his attorney
explained the nature of the charges against him or the consequen-
ces he faced **in terms he could understand**.  In this respect alone,
conviction subsequent to the plea is fatally infirm.

The Sixth Amendment to the U.S. Constitution provides, in
pertinent part: "In all criminal prosecutions, the accused shall
enjoy the right . . . to be informed of the nature and cause of
the accusation . . .". U.S. Const. Amend. VI.  The Fifth Amend-
ment to the U.S. Constitution provides that . . ."[n[o person
shall be held to answer for a capital, or otherwise infamous
crime, unless on presentment or indictment of a Grand Jury."
U.S. Const. Amend. V.  Requiring that the indictment allege, at
a minimum, the essential elements of the offense, guarantees to
the defendant the basic protection of the intervention of the
grand jury, and concomitantly prevents a conviction "on the ba-
sis of facts not found by, and perhaps not even presented to,
the grand jury which indicted him." RUSSELL v. UNITED STATES,
369 U.S. 749, 770(1962); see also U.S. v. CRUIKSHANK, 92 U.S.
542, 558 (1875)(requiring that, "facts are to be stated, not
conclusions of law alone"); U.S. v. CABRERA-TERAN, 168 F.3d 141,
143 (5th Cir. 1999)(requiring the indictment to allege each
material element of each offense "ensure[s] that the grand jury
finds probable cause that the defendant has committed each ele-
ment of the offense, hence justifying a trial, as required by
the Fifth Amendment").  A defective indictment's failure to

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 13 of 25

Supreme Court has emphasized the value in a district court's ad-
hering "meticulously" to Rule 11. See McCARTHY v. U.S., 394 U.S.
459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).  In the instant case,
Petitioner contends that neither the court nor his attorney
explained the nature of the charges against him or the consequen-
ces he faced **in terms he could understand**.  In this respect alone,
conviction subsequent to the plea is fatally infirm.

     The Sixth Amendment to the U.S. Constitution provides, in
pertinent part: "In all criminal prosecutions, the accused shall
enjoy the right . . . to be informed of the nature and cause of
the accusation . . .". U.S. Const. Amend. VI.  The Fifth Amend-
ment to the U.S. Constitution provides that . . ."[n[o person
shall be held to answer for a capital, or otherwise infamous
crime, unless on presentment or indictment of a Grand Jury."
U.S. Const. Amend. V.  Requiring that the indictment allege, at
a minimum, the essential elements of the offense, guarantees to
the defendant the basic protection of the intervention of the
grand jury, and concomitantly prevents a conviction "on the ba-
sis of facts not found by, and perhaps not even presented to,
the grand jury which indicted him." RUSSELL v. UNITED STATES,
369 U.S. 749, 770(1962); see also U.S. v. CRUIKSHANK, 92 U.S.
542, 558 (1875)(requiring that, "facts are to be stated, not
conclusions of law alone"); U.S. v. CABRERA-TERAN, 168 F.3d 141,
143 (5th Cir. 1999)(requiring the indictment to allege each
material element of each offense "ensure[s] that the grand jury
finds probable cause that the defendant has committed each ele-
ment of the offense, hence justifying a trial, as required by
the Fifth Amendment").  A defective indictment's failure to

12.

give adequate notice of the charge implicates the Due Process and Double Jeopardy clauses of the Fifth Amendment as well. See RUSSELL v. U.S., 369 U.S. 749, 763-64(1962). "A statutory citation may not stand in the place of the inclusion of an element of the crime." U.S. v. CABRERA-TERAN, 168 F.3d 141 145(5th Cir. 1999); see also RUSSELL, 369 U.S. at 764; U.S. v. CAMPOS-ASENCIO, 822 F.2d 506, 507 (5th Cir 1987).

The Supreme Court has reiterated in numerous cases that an indictment must contain the elements of the offense charged, and fairly inform a defendant of the charge against which he must defend. See HAMLING v. U.S., 418 U.S. 87, 117(1974); RUSSELL, 369 U.S. at 763-64; & Fed. R. Crim. P. 7(c)(1). "A crime is made up of facts and intent; and these must be set forth in the indictment with reasonable particularity of time, place, and circumstances." CRUIKSHANK, 92 U.S. at 558; see, e.g. U.S. v. ANGELES- MASCOTE, 206 F.3d 529, 532 (5th Cir. 2000)("defects in an 8 U.S.C. § 1326 indictment are not harmless when an essential element of the offense is not specified in the indictment").

The statute at issue in Petitioner's case makes it an offense for an alien who has been excluded, deported, or removed from the United States to thereafter enter, attempt to enter, or be found in the United States unless: "the Attorney General has expressly consented to such alien's re-applying for admission". 8 U.S.C. §1326(a). Without alleging any intent on Movant's part the indictment merely charge that he was "found" in the United States.

The indictment in this case was thus Constitutionally

13.

defective because it did not allege that Movant had any **mens rea** whatsoever.  While the statute does not itself contain a mental element, this omission is not dispositive.  The require- ment of some **mens rea** for a crime is "firmly embedded" in our common law. See STAPLES v. U.S., 511 U.S. 600, 604(1994); and LIPAROTA v. U.S., 471 U.S. 419, 426(1985).  As the Supreme Court has repeatedly stated: "The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in **mature** systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil." MORISSETTE v. U.S., 342 U.S. 246, 250 (1952); accord STAPLES, 511 U.S. at 605. Some **mens rea** is re- quired for any felony conviction. U.S. v. ANDERSON, 885 F.2d 1248, 1255(5th Cir. 1989)(en banc)(citing MORISSETTE, 342 U.S. at 250). "Offenses that have no **mens rea** are generally disfa- vored." STAPLE, 511 U.S. at 604(citing LIPAROTA, 471 U.S. at 426).

Courts that have addressed the **mens rea** required by §1326 have recognized that the statute has a general intent element. See, e.g., U.S. v. GRACIADAS-ULIBARRY, 192 F.3d 926, 930 & n. 4 (9th Cir. 1999)(general intent is required, and the defendant must have acted voluntarily); U.S. v. ESPINOZA-LEON, 873 F.2d 743, 746 (4th Cir.)(general intent is required, and the defen- dant must have acted "willfuly and knowingly:");cert. den., 488 U.S. 836(1988); U.S. v. WONG KIM BO, 466 F.2d 1298, 1304(5th Cir. 1972)(discussing Congress's hesitancy to criminalize re-entry

14.

when the alien did not "know or realize" that he had been deport-
ed); & <u>U.S. v. PENA-CABANILLAS</u>, 394 F.2d 785, 788-90 & n. 2 (9th
Cir. 1968)(noting that "even in a crime requiring no specific
intent, a defendant mey defend upon the ground that he did no
voluntary act; that he was asleep or unconscious at the time an
act occurred.").

Indeed, the Fifth Circuit has held that general intent is
an element of the offense of illegal re-entry under 8 U.S.C. §
1326. <u>U.S. v. GUZMAN-OCAMPO</u>, 236 F.3d 233, 237-38(5th Cir. 2000).
The court further held that, to obtain a conviction under sec-
tion 1326 the government must prove a defendant's general intent
to re-enter the United States. <u>Id</u>. at 238-39.  The court never-
theless found that the indictment was "statutorily sufficient"
and reasoned that the failure to allege an element of the of-
fense did not make the indictment defective because "the facts
created a strong inference of voluntariness" and because the
defendant "was free to challenge the voluntariness of his en-
try". <u>Id</u>. at 239.

Fifth Circuit precedent on this issue, however, **directly**
conflicts with a **long line** of relevant decisions of the Supreme
Court. THE COURT has long held that an indictment must allege
every element of the offense, including "acts and intent";
<u>CRUIKSHANK</u>, 92 U.S. at 558; see also <u>APPRENDI v. NEW JERSEY</u>,
120 S.Ct. 2348, 2355-56(2000); <u>Id</u>. at 2367(Thomas, J., con-
curring); <u>JONES v. U.S.</u>, 526 U.S. 227, 232 (1999), and also has
specifically and repeatedly emphasized that: "In an indictment
upon a statute, it is not sufficient to set forth the offence
in the words of the statute, unless those words of themselves

15.

fully, directly, and expressly, without any uncertainty or ambi-
guity, set forth all the elements necessary to constitute the
offence intended to be punished...". U.S. v. CARLL, 105 U.S.
611, 612-13 (1881); see also RUSSELL, 369 U.S. at 765; MORIS-
SETTE, 342 U.S. at 270 n. 30; cf. LEDBETTER v. U.S., 170 U.S.
606, 611-612 (1898). An indictment fails to allege scienter as
an essential element of the offense charged, therefore is in-
sufficient. CARLL, 105 U.S. at 612-13.

Illegal re-entry is punishable by a maximum of two years
in prison under 8 U.S.C. §1326(a).  The maximum sentence increas-
es to 20 years for defendants who were deported after an aggra-
vated felony. 8 U.S.C. §1326(b)(2). Movant's sentence was in-
creased because he had been convicted of aggravated felony(s)
prior to his deportation. The felony, however, was not alleged
in the indictment as an element of the offense.  The omission of
this allegation accorded with the Supreme Court's decision in
ALMENDAREZ-TORRES v. U.S., which held that the enhanced penalty
in §1326(b)(2) is a sentencing factor, not an element of a sep-
arate offense. 523 U.S. 224, 235 (1998).

The Supreme Court has raised questions about the continuing
validity of ALMENDAREZ-TORRES in APPRENDI v. NEW JERSEY, 530 U.
S. 466(2000). The APPRENDI Court found it "arguable that ALMEN-
DAREZ-TORRES was incorrectly decided." 530 U.S. at 489. However,
the Court deemed it unnecessary to "revisit" ALMENDAREZ-TORRES,
because APPRENDI did not contest "the decision's validity". 530
U.S. at 490. Movant asks the Court to revisit ALMENDAREZ-TORRES,
believing its holding inconsistent with APPRENDI's reasoning.

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 18 of 25

In good company, he finds a majority of the Court's Justices have stated their belief that the Constitutional principle announced in ALMENDAREZ-TORRES is incorrect. Observations concerning incremental tension between the two decisions in prosecutions under §1326 and other recidivism-based penalty enhancements will not otherwise abate.

In APPRENDI, the Supreme Court held unconstitutional a New Jersey statute that allowed the sentencing judge to increase the statutory maximum punishment by finding, by a preponderance of the evidence, that the defendant committed the crime out of racial animus. 530 U.S. at 490-92. The Court concluded that Due Process requires that the elements of a criminal charge include any fact that increases the statutory punishment for that offense. "[F]acts that expose a defendant to a punishment greater than that otherwise legally prescribed [are] by definition ʳelementsʳ of a separate legal offense." Id. at 483 n. 10.

The APPRENDI Court recognized that the general principle it stated was in conflict with the specific holding of ALMENDAREZ-TORRES, that a prior conviction need not be treated as an element even if it raises the maximum statutory penalty. The Court questioned the validity of ALMENDAREZ-TORRES, viewing it as a departure from the "...uniform course of decision during the entire history of our jurisprudence", and finding it "arguable that ALMENDAREZ-TORRES was incorrectly decided". 530 U.S. at 489-90. Despite its concerns, the Court declined to revisit ALMENDAREZ-TORRES, framing its holding to avoid its overruling: "Other than the fact of a prior conviction, any fact that in-

17.

creases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.

Although APPRENDI did not expressly overrule ALMENDAREZ-TORRES, it appears that a majority of the Court considers the earlier case to have been wrongly decided. The ALMENDAREZ-TORRES opinion was joined by five Justices, including Justice Thomas, who also joined the majority in APPRENDI. Writing seperately, he criticized ALMENDAREZ-TORRES, stating he had "succumbed to error" in joining it. 530 U.S. 520 (Thomas, J., concurring). By his concurrence, Justice Thomas joined four other Justices of the current Court in disagreeing with ALMENDAREZ-TORRES' Constitutional reasoning. See MONGE v. CALIFORNIA, 524 U.S. 721, 741(1998)(Scalia, J., joined by Souter and Ginsburg, JJ., dissenting)(ALMENDAREZ-TORRES' holding was a "grave constitutional error affecting the most fundamental of rights"). See also JONES v. U.S., 526 U.S. 227, 252(1999)(Stevens, J., concurring) (agreeing with Justice Scalia that, contrary to ALMENDAREZ-TORRES' holding, "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties"). As these Justices' statements demonstrate, a majority of the Court has repudiated ALMENDAREZ-TORRES.

In light of the views expressed above, the sustained assumption of validity of ALMENDAREZ-TORRES should be reconsidered; otherwise the lower courts remain in the anomalous position of venerating and honoring an opinion that is disavowed by a major-

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 20 of 25

ity of today's Court. And if a Supreme Court decision appears to rest on reasons rejected by some other line of authority, the decision is still controlling if it has direct application in a case. AGOSTINI v. FELTON, 521 U.S. 203, 237 (1997). As the Fifth Circuit has stated, "...no matter how much in doubt the continuing viability of ALMENDAREZ-TORRES may be, that decision is not overruled until the Supreme Court says it is." U.S. v. CHAP-GARZA, 243 F.3d 921, 928 (5th Cir. 2001)(petition for rehearing en banc filed, 5th Cir. Apr.13, 2001). And, "The courts of appeals must leave to this Court the prerogative of overruling its own decisions'." AGOSTINI, 521 U.S. at 237(citation omitted). Movant respectfully submits that the Court should so proceed, if by now it has not already done so.

The rule of **stare decisis** will sometimes support the viability of a decision that was arguably incorrect. As the Court has explained, in some circumstances "it is more important that the applicable rule of law be settled than it be settled right." PAYNE v. TENNESSEE, 501 U.S. 808, 827(1991)(citation omitted). This is not the case with ALMENDAREZ- TORRES, however, particularly in that it has announced a Constitutional rule.

"**Stare decisis** is not an inexorable command" but a "principle of policy". PAYNE, 501 U.S. at 828. The policy "is at its weakest" when the Court interprets the Constitution. AGOSTINI, 521 U.S. at 235; SEMINOLE TRIBE v. FLORIDA, 517 U.S. 44, 63(1996). When "there has been a significant change in, or development of, our Constitutional law," **stare decisis** "does not prevent overruling a previous decision." AGOSTINI, 521 U.S. at 235-36.

CUMPDF - www.texlia.com

To the contrary, "a decision is properly overruled where development of Constitutional law since the case was decided has implicitly or explicitly left [it] behind as a mere survivor of obsolete Constitutional thinking." Id. at 236 (quoting PLANNED PARENTHOOD v. CASEY, 505 U.S. 833, 857 (1992).

When precedent is "badly reasoned", the Supreme Court has not "felt constrained to follow" it. PAYNE, 501 U.S. at 827. This is especially true when, as in this instance, such precedent is of very recent vintage, cf. Id. at 830 n. 2(overruling two- and four-year-old decisions), involves "procedural and evidentiary rules" rather than property and contract rights, Id. at 828, was "decided by the narrowest of margins, over spirited dissents", Id. at 828-29, has been "questioned by Members of the Court in later decisions", Id. at 829-30, and has "defied consistent application by the lower courts', Id. at 830.  For all these reasons, stare decisis should not insulate ALMENDAREZ-TORRES from review.

As the Supreme Court noted in APPRENDI, "constitutional protections of surpassing importance" are at stake in the determination as to whether a fact is an element of the offense. 530 U.S. at 476. See also JONES, 526 U.S. at 232("Much turns on the determination that a fact is an element of the offense rather than a sentencing consideration."). The Fifth Amendment right of grand jury indictment, the Sixth Amendment right to trial by jury, and the Due Process right to proof beyond a reasonable doubt are all implicated when the Court, or any court considers whether a particular fact constitutes an element. APPRENDI, 530

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 22 of 25

U.S. at 476; JONES, 526 U.S. at 232.

Given the importance of these rights, the Supreme Court should not let the tension between APPRENDI and ALMENDAREZ-TORRES remain unresolved. If, as APPRENDI indicates, ALMENDAREZ-TORRES is wrong as a matter of Constitutional law, then large numbers of criminal defendants are daily being sentenced to higher prison terms in violation of their basic Constitutional rights. This is true not only under §1326, but also for those prosecuted under a variety of federal and state laws that treat prior convictions as sentencing factors rather than as elements of the offense.

The Movant contends here that the grounds raised in this motion are properly before this Court.

Due to his illiteracy and lack of knowledge of the U.S. legal system, coupled with defense Counsel's apathy and indifference toward the defendant, the defendant failed to timely file a notice of appeal. Defense Counsel's performance in light of his failure even to discuss the possibility of appeal with the Movant constitutes ineffectiveness of Counsel.

Many defenders have seen issues pertaining to cases like the Movant's as meritorious. They have appealed the decisions of the district courts even to the Supreme Court. At present, there are cases seeking certiorari before the Supreme Court arguing that ALMENDAREZ-TORRES has been incorrectly ruled upon.

The decision to present for prosecution crimes pursuant to 8 U.S.C. § 1326 lies initially with the Border Patrol or with the Immigration and Naturalization Service. If this court were to inquire, as Movant contends it should, into the facts of refer-

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 23 of 25

rals for prosecution for section 1326 violations it will find
that in the Fifth Circuit the percentage of Mexican illegal
aliens who are prosecuted far outweighs the percentage of any
other illegal aliens of other national origins.  Hypothetically
speaking, if one hundred aliens of Mexican origin are apprehen-
ded, a greater number of that hundred will be prosecuted for §
1326 violation than of a hundred persons of another origin who
entered the U.S. illegally.  Furthermore, the application of
8 U.S.C. § 1326(c) to Mexican nationals is disproportionate to
its application to others similarly situated, of different race.

A purpose of the Equal Protection Clause is to protect
against arbitrary and intentional discrimination, whether occa-
sioned by the express terms of a statute or by its improper exe-
cution through duly constituted agents.  Thus, the guarantee of
equal protection applies not only to facial legislative classifi-
cations, but also to the administration of laws as well. BROWN's
FURNITURE, Inc. v. WAGNER, 171 Ill. 2d 410, 216 Ill. 537 (1996)
cert. den., 117 S.Ct. 175, 136 L.Ed.2d 116 (U.S. 1996).  Equal
protection can be violated by discriminatory administration of
law, impartial on its face. U.S. v. ROBINSON, 311 F.Supp. 1063
(W.D.MO., 1969).

Selective enforcement of a facially Constitutional law or
regulation does not, by itself violate the Equal Protection
Clause. WRIGHT v. METROHEALTH, 58 F.3d 1130, cert. den., 116 S.
Ct. 1041, 134 L.Ed.2d 188; BROWN's FURNITURE, Supra; FREEMAN v.
CITY OF SANTA ANA, 68 F.3d 1180 (9th Cir. 1995).

A violation of Equal Protection by selective enforcement

Case 1:01-cv-00135   Document 6   Filed in TXSD on 10/16/2001   Page 24 of 25

does arise if a person or class of persons compared with others similarly situated is or are selectively treated, if such selective treatment is based on impermissible considerations such as race, religion or national origins. WHREN v. U.S., 517 U.S. 806; 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). RUBINOWITZ v. ROGATO, 60 F.3d 906 (1st Cir. 1995);  CROWLEY v. COURVILLE, 76 F.3d 47 (2d Cir. 1996).

Also, a statute may be held Constitutionally invalid, as applied, when it operates to deprive an individual of a protected right. LITTLE v. STREATER, 452 U.S. 1, 101 S.Ct. 2202, 68 L.Ed. 2d 627 (1981).

Selective prosecution, when the decision to prosecute is made either in retaliation for the exercise of a Constitutional right, or because of membership in a vulnerable group, is actionable under the Equal Protection Clause. ESMAIL v. MACRANE, 53 F. 3d 176 (7th Cir. 1995).

In criminal prosecutions, it is possible for a defendant's Equal Protection rights to be violated by selective or discriminatory prosecution. U.S. v. ARMSTRONG, 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996).

Improper selective prosecution arises when a defendant or class of defendants have been singled out for prosecution when others similarly situated have not been prosecuted, and the Prosecutors' reasons have been impermissible. U.S. v. GRAHAM, 146 F.3d 6 (1st Cir. 1998); US v. NELSON, 137 F.3d 1094 (9th Cir. 1998), cert. den., 1998; U.S. v. BLACKLEY, 986 F. Supp. 616 (Dist. D.C. 1997).

23.

The Movant here states that similarly situated individuals of different races other than Mexican are routinely not prosecuted under 8 U.S.C. § 1326(c) in the Fifth Circuit. See US. v. ARMSTRONG, Supra.

Furthermore, Movant contends that in this Circuit, persons of seemingly Mexican heritage are systematically singled out for prosecution under 8 U.S.C. 1326, to to impermissible and unconscionable racial animus.

The Movant herein lacks the resources to gather sufficient empirical data and statistics to present his argument in a cogent manner, and recognizes that many of the matters complained of herein cannot be determined on the basis of examining the record before the court. In cognizance thereof, Movant reasserts his attestations which, in the main, he was incompetent to communicate, as his Counsel was ineffective in failure to present, and prays this court will grant his motion, will convene a hearing, and will appoint competent Counsel to his assistance, that the Constitutionality and legality of his continued incarceration may be investigated with thoroughness and propriety. For this and any or other further relief, Petitioner prays.

Respectfully submitted,

*O. Luis Alvares Gonzalez*

Oscar Luis Alvarez-Gonzalez
P.O. Box 9000/77630-079   m/b
F.C.I. FORREST CITY, AR   72336-9000